# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TOMMY RODGERS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | NO. C17-5476-JPD <br><br> ORDER DENYING DEFENDANT'S RULE 59(E) MOTION |

This matter comes before the Court upon the Commissioner's motion for alteration of the Court's judgment under Fed. R. Civ. P. 59(e). Dkt. 19. Motions under Rule 59(e) must be brought within 28 days following entry of judgment. Absent "other, highly unusual, circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also 89 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). The Ninth Circuit has observed that Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.

ORDER - 1

2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll,* 342 F.3d at 945; *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.,* 215 F.R.D. 581, 582 (D. Ariz. 2003).

Here, the Commissioner argues that the Court committed "clear error" by finding that the ALJ erroneously discounted plaintiff's testimony as well as the lay witness testimony without providing legally sufficient reasons. However, the Commissioner's arguments ignore significant aspects of the Court's January 4, 2018 Order, and seek to rehash and re-litigate the case. Indeed, the Court notes that different counsel attempts to raise arguments about the ALJ's evaluation of the record evidence in this case that should have been raised, if at all, by the attorney who drafted the Commissioner's responsive brief. To grant the Commissioner a second bite at the apple because she is unsatisfied with the result in this case would be unfair to the plaintiff, and very poor use of the Court's resources.

The Court reaches the same conclusion even if the Commissioner's motion is construed as a request for reconsideration under Local Civil Rule 7(h)(2). Motions for reconsideration are disfavored in this district, and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). As noted above, however, the Commissioner's arguments about the ALJ's evaluation of the evidence could have been brought to the Court's attention in the responsive brief. Instead, the Commissioner asks the Court to adopt a different interpretation of the record in this case. The Court concludes that the Commissioner has not met her burden of showing manifest error, or new facts or legal authority which could not have been brought to the

ORDER - 2

Court's attention in a timely manner.  *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009).

Accordingly, because the Commissioner has failed to show clear error or any other basis for the Court to reconsider its January 4, 2018 Order Reversing and Remanding for Further Administrative Proceedings, the Court DENIES the Commissioner's motion to amend the judgment in this case.  Dkt. 19.  The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 23rd day of January, 2018.

JAMES P. DONOHUE
Chief United States Magistrate Judge